UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Lamont Henderson, #10311-171, | ) C/A No. 3:09-2962-CMC-JRM |
|---|---|
| Plaintiff, | ) |
| | ) REPORT AND |
| vs. | ) RECOMMENDATION |
| | ) |
| U.S. Attorney General, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

The plaintiff, Lamont Henderson ("Plaintiff"), proceeding *pro se*, brings this action purportedly to challenge the constitutionality of a federal statute.[1] Plaintiff is an inmate at Federal Correctional Institution-Williamsburg, a facility of the Federal Bureau of Prisons (BOP), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The pleading names the U.S. Attorney General as the sole defendant, but requests no relief. The pleading states that Plaintiff "has raised a constitutional challenge to section 994(a)-(y) of title 28, United States Code, (Title II of the Comprehensive Crime Control Act of 1984) Sentencing Reform Act of 1984." The complaint should be dismissed for failure to state a claim upon which relief may be granted.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md.*

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## **Background**

On September 15, 2003, Plaintiff was found guilty, after a jury trial, of possession of a firearm by a convicted felon. On December 30, 2003, Plaintiff was sentenced to one hundred eighteen (118)

2

months' imprisonment by the United States Court for the District of South Carolina. Plaintiff appealed, and on January 11, 2006, the United States Court of Apeals for the Fourth Circuit affirmed his sentence and conviction. *See United States v. Henderson*, No. 04-4057, 2006 WL 53820 (4th Cir. Jan. 11, 2006)(unpublished). On April 18, 2006, the Fourth Circuit denied Plaintiff's petition for rehearing. Plaintiff then filed a petition for writ of certiorari with the United States Supreme Court, which was denied on October 2, 2006. *See Henderson v. United States*, No. 06-5551, 549 U.S. 921 (Oct. 2, 2006)(unpublished).

In June of 2007, Plaintiff filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence. However, the § 2255 petition was summarily dismissed on September 25, 2007. Plaintiff appealed the dismissal of his § 2255 motion to the Fourth Circuit Court of Appeals, which denied a certificate of appealability and dismissed Plaintiff's appeal on December 28, 2007. *See United States v. Henderson*, No. 07-7497, 2007 WL 4561517 (4th Cir. Dec. 28, 2007)(unpublished).

In July of 2009, Plaintiff filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his conviction. The habeas petition was summarily dismissed in August 2009. The complaint in this case was docketed November 17, 2009, and raises the issue of Plaintiff's federal conviction and sentence.

## **Discussion**

Plaintiff brings this action purportedly to challenge the constitutionality of 28 U.S.C. § 994(a)-(y), a portion of Title II of the Comprehensive Crime Control Act of 1984, known as the Sentencing Reform Act of 1984. Title 28 U.S.C. § 994(a)-(y) delegates broad authority to the United States Sentencing Commission to promulgate sentencing guidelines within general parameters stated in the statute. The complaint alleges the statute is unconstitutional "because the duties of the Sentencing Commission has exceeded its authority and abuse its discretion in developing promulgated guidelines

3

and policies as the commission purposes of deterrence, incapacitation, just punishment and rehabilitation which inflicts punishment without the protection of a judicial trial." Compl. at 3. The Sentencing Reform Act has been upheld as constitutional against claims of violation of the separation of powers doctrine and excessive delegation of Congress's legislative authority. *Mistretta v. United States*, 488 U.S. 361 (1989).

The plaintiff's claims actually attack a portion of the sentencing guidelines as applied in his criminal case, rather than the Sentencing Reform Act itself. The Sentencing Commission's Guidelines Manual at sections 4A1.1 and 4A1.2 give direction concerning a defendant's criminal history and criminal history category. The complaint claims "Congress granted the Sentencing Commission authority under 28 U.S.C. 994(i) to use prior felony 'conviction(s)' to determine a substantial term of imprisonment," and the Commission exceeded its authority through policy "when using [USSG §] 4A1.2(b) which must be read together with [USSG §] 4A1.1(a) seperates a defendant prior sentences, imposed as a single conviction, at one criminal proceeding, into two or more felony convictions only by using 'intervening arrest' as opposed to a single prior felony conviction." The complaint explains that Plaintiff was arrested on August 26, 1994, for assault and battary of a high and aggravated nature, and then, while out on bond, Plaintiff was arrested for a drug charge on February 16, 1995. Plaintiff entered a guilty plea to both charges, and "received sentences of ten (10) years as a term of imprisonment to run concurrently as one single conviction." Plaintiff believes the two charges, resulting in two sentences, should have been considered one conviction, rather than two, for purposes of determining the criminal history category in his subsequent federal criminal case.

The application of the sentencing guidelines in Plaintiff's criminal case must be challenged in a direct appeal or collateral attack, not through a civil rights action. See *Heck v. Humphrey*, 512 U.S. 477 (1994)( "Release from prison is not a remedy available under 42 U.S.C. § 1983."); *Preiser v.*

4

*Rodriguez*, 411 U.S. 475 (1973)(Although action asserts jurisdiction under civil rights, habeas is the appropriate avenue to challenge the fact or duration of confinement). In fact, the plaintiff challenged, on a different ground, his criminal history category as determined under the sentencing guidelines section 4A1.1 as one of the issues in his § 2255 motion that was denied. Plaintiff should have made his argument contained in this case in his challenges to his criminal convictions and sentences. Plaintiff attempts to veil this collateral attack on his convictions by presenting it as a challenge to the constitutionality of a federal statute. The challenge however, is clearly not directed at the constitutionality of the Sentencing Reform Act, but rather at the application of the sentencing guidelines in Plaintiff's criminal case. The complaint does not ask for relief. Nevertheless, the apparent relief sought involves Plaintiff's criminal conviction and sentence, which cannot be modified in a civil rights action. The complaint fails to state a claim on which relief may be granted.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint *without prejudice*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

Joseph R. McCrorey
United States Magistrate Judge

December 21, 2009
Columbia, South Carolina

**The plaintiff's attention is directed to the important notice on the next page**.

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).